Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CRIMINAL PRODUCTIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DARRELL GUNDERMAN, an individual;<br>REINA MARROQUIN, an individual;<br>DOUGLAS LUNDERMARK, an individual;<br>SUMMER EARLE, an individual;<br>DONA FRISTOE, an individual;<br>JIM CAMPBELL, an individual;<br>LUCY KURIA, an individual;<br>GREG GORDON SR., an individual;<br>LOTUS BERNARDO, an individual; and<br>WILLIAM KITTEL, an individual,<br><br>Defendants. | Civil Action No. 16-cv-729RAJ<br><br>MOTION TO PERMIT ALTERNATIVE MAIL SERVICE ON REINA MARROQUIN AND GREG GORDON SR.<br><br><br>NOTE ON MOTION CALENDAR:<br>December 14, 2016 |

### LR 37(A) Certification

Defendants are nonresponsive to Plaintiff's multiple prior service efforts, the details of which are described below. The parties have been unable to confer.

### Background

Plaintiff named Defendants Reina Marroquin and Greg Gordon Sr. in its amended complaint filed September 23, 2016 (Dkt. 14). Plaintiff promptly mailed requests for waiver of service with a copy of the amended complaint. When Defendants declined to waive service,

MOTION TO PERMIT ALTERNATIVE MAIL
SERVICE - 1
Civil Action No. 16-cv-729RAJ
INIP-6-0036P14 MOTALTService - Does 3, 11

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

summons was issued. Subsequently there have been multiple unsuccessful attempts to serve Defendants at their residence, with the agent for service being turned away or otherwise denied access. The report from the third party process server documenting the multiple service attempts has been submitted to the Court. (Dkts. 22, 28).

Based on the history of conduct to date, Defendants appear to be either willfully hindering Plaintiff's reasonable efforts at service or actively evading personal service of Plaintiff's summons and complaint. As such, Plaintiff now requests leave to serve the summons and complaint by U.S. Mail or other means as directed by the Court to effect notice and delivery for service, similar to what was approved by the Court in related Case Nos. 14-cv-1684RAJ (Dkt. 33); 14-cv-1926RAJ (Dkt. 88) and 16-cv-551RSM (Dkt. 49).

## SERVICE STANDARDS

If a defendant's whereabouts are ascertainable, notice must be given through a procedure that has a reasonable probability of actually reaching him or her. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 318 (1950) ("notice must be such as is reasonably calculated to reach interested parties"); *Greene v. Lindsey*, 456 U.S. 444, 455 (1982) (all that is required is a method that is "reasonably likely" to provide notice). Courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, delivery to the defendant's attorney, telex, and most recently, email. *Rio*, 284 F.3d at 1016; *see also Mullane*, 339 U.S. at 319 ("However it may have been in former times, the mails today are recognized as an efficient and inexpensive means of communication."); *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 800, 103 S. Ct. 2706, 77 L. Ed. 2d 180 (1983) ("Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition"); *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619, 2012 U.S. Dist. LEXIS 42160 (N.D. Cal. March 27, 2012) (authorizing service by email because it is "reasonably calculated to give actual notice" to the Domestic Defendants").

The federal rules of civil procedure permit a plaintiff to effect service "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4(e)(1). Washington law permits

MOTION TO PERMIT ALTERNATIVE MAIL SERVICE - 2
Civil Action No. 16-cv-729RAJ
INIP-6-0036P14 MOTALTService - Does 3, 11

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

the plaintiff to serve process by way of mail or publication in limited circumstances when personal service cannot be effected. RCW 4.28.080, .100; *Rolf v. United States*, 2007 U.S. Dist. LEXIS 101734, 7-8 (W.D. Wash. Feb. 6, 2007). In particular, under Washington law, alternative service by mail is permissible when the plaintiff sets forth the following facts: (1) that the defendant could not be found in Washington after a diligent search, (2) that the defendant was a resident of Washington, and (3) that the defendant had either left the state or concealed himself within it, with intent to defraud creditors or avoid service of process."). RCW 4.28.080(16); *Barnard v. Watson*, 2014 U.S. Dist. LEXIS 79635 (E.D. Wash. June 9, 2014) (citing *Pascua v. Heil*, 126 Wash. App. 520, 526, 108 P.3d 1253 (2005)); *see also* Washington State Local Rule 4(d)(4), which provides for service by mail as an exception to personal service and publication when a court has ordered that service may be made by mail "if the serving party files an affidavit stating facts from which the court determines that service by mail is just as likely to give actual notice as service by publication."

While state statutes and court rules have long provided for publication as an alternative form of service, in this day and age, service by mail or special carrier, or even email or social media, is far superior and much more "reasonably calculated" to apprise the interested party of the action.[1] Indeed, the U.S. Supreme Court held that service via publication was void for individuals whose names and addresses were known because mail service was available. *Mullane*, 339 U.S. at 319.

Here, all of the conditions justifying service by U.S. Mail or special carrier (e.g., UPS or Federal Express) are met. Defendants' name and address are known. By all accounts, Defendants

---

[1] *See* William Wagner and Joshua R. Castillo, *Friending Due Process: Facebook As A Fair Method Of Alternative Service*, 19 Widener L. Rev. 259, 262 (2013) (making the case statistically that the futile formality of publishing notice in a newspaper (read consistently by less than 25% of Americans) provides little chance of providing any actual notice to a defendant while service by email and online social networking provide a high probability of achieving actual notice); Kelly Knapp, *Comment, #serviceofprocess@socialmedia: Accepting Social Media For Service Of Process In The 21st Century*, 74 La. L. Rev. 547, 557–58 (2014); Claire M. Specht, *Note, No LOL Matter: Does Text Message Service Of Process Comport With Due Process?*, 53 B.C. L. Rev. 1929, 1951–52 (2012).

MOTION TO PERMIT ALTERNATIVE MAIL
SERVICE - 3
Civil Action No. 16-cv-729RAJ
INIP-6-0036P14 MOTALTService - Does 3, 11

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

are aware of this case and Plaintiff's repeated efforts at personal service, and is actively avoiding service of process. Finally, Plaintiff has confirmed its belief that service by mail is just as likely to give actual notice as service by publication.

Accordingly, Plaintiff respectfully requests that the Court order that substitute service be permitted by U.S. Mail or other means as directed by the Court to effect notice and delivery for service. Plaintiff submits that such delivery of the summons and complaint to the residence of Defendant will ensure that the Defendant has proper notice of this matter.

RESPECTFULLY SUBMITTED this 14th day of December, 2016.

s/David A. Lowe, WSBA No. 24,453
Lowe@LoweGrahamJones.com
LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
T: 206.381.3300

Attorneys for Plaintiff

MOTION TO PERMIT ALTERNATIVE MAIL
SERVICE - 4
Civil Action No. 16-cv-729RAJ
INIP-6-0036P14 MOTALTService - Does 3, 11

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served to all counsel or parties of record who are deemed to have consented to electronic service via the Court's CM/ECF system, and for those who have not appeared and are not subject to default, via U.S. Mail.

s/ David A. Lowe

MOTION TO PERMIT ALTERNATIVE MAIL
SERVICE - 5

Civil Action No. 16-cv-729RAJ

INIP-6-0036P14 MOTALTService - Does 3, 11

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301