**EXHIBIT A**



**AIPLA**
**American Intellectual Property Law Association**
Serving America's Legal and Creative Community

# Report of the
# Economic Survey
# 2015

Prepared Under Direction of the
American Intellectual Property Law Association
Law Practice Management Committee

Richard W. Goldstein, Chair
Donika P. Pentcheva, Vice Chair

June 2015

Prepared by:



910 Clopper Road, Suite 210N ■ Gaithersburg, Maryland 20878
TEL: (240) 268-1262 ■ ARI@associationresearch.com

## Average hourly billing rate in 2014 (Q29)

*Private Firm, Partner*

| | | Average hourly billing rate in 2014 | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | Number of Individuals[1] | Mean (Average) | 10th Percentile 10% | First Quartile 25% | Median (Midpoint) | Third Quartile 75% | 90th Percentile 90% |
| All Individuals | | 402 | $471 | $300 | $350 | $425 | $529 | $709 |
| Years of Intellectual Property Law Experience | 5-6 | 6 | $255 | ISD | $232 | $258 | $278 | ISD |
| | 7-9 | 21 | $338 | $261 | $295 | $310 | $398 | $470 |
| | 10-14 | 55 | $389 | $288 | $312 | $375 | $450 | $500 |
| | 15-24 | 163 | $468 | $300 | $365 | $425 | $515 | $692 |
| | 25-34 | 100 | $517 | $331 | $400 | $483 | $588 | $870 |
| | 35 or More | 54 | $553 | $353 | $409 | $508 | $653 | $855 |
| Location | Boston CMSA | 18 | $576 | $390 | $421 | $503 | $786 | $831 |
| | NYC CMSA | 30 | $530 | $337 | $368 | $400 | $634 | $995 |
| | Philadelphia CMSA | 14 | $510 | $325 | $450 | $480 | $556 | $778 |
| | Washington, DC CMSA | 71 | $534 | $350 | $400 | $485 | $640 | $824 |
| | Other East | 17 | $427 | $298 | $342 | $420 | $490 | $600 |
| | Metro Southeast | 12 | $439 | $306 | $331 | $430 | $538 | $606 |
| | Other Southeast | 11 | $379 | $306 | $330 | $340 | $400 | $600 |
| | Chicago CMSA | 26 | $452 | $338 | $375 | $415 | $521 | $591 |
| | Minne.-St. Paul PMSA | 21 | $399 | $268 | $305 | $395 | $483 | $556 |
| | Other Central | 85 | $391 | $275 | $300 | $350 | $458 | $558 |
| | Texas | 25 | $501 | $298 | $370 | $440 | $598 | $860 |
| | Los Angeles CMSA | 9 | $561 | ISD | $405 | $575 | $660 | ISD |
| | San Francisco CMSA | 18 | $651 | $427 | $493 | $530 | $863 | $937 |
| | Other West | 45 | $411 | $272 | $338 | $400 | $478 | $530 |
| IP Technical Specialization (>=50%) | Biotechnology | 16 | $483 | $311 | $355 | $410 | $583 | $862 |
| | Chemical | 30 | $389 | $286 | $300 | $368 | $431 | $600 |
| | Computer Hardware | 5 | $348 | ISD | $275 | $350 | $420 | ISD |
| | Computer Software | 37 | $427 | $300 | $363 | $400 | $493 | $628 |
| | Electrical | 39 | $488 | $300 | $325 | $435 | $600 | $825 |
| | Mechanical | 84 | $436 | $298 | $341 | $405 | $500 | $591 |
| | Medical/ Health Care | 20 | $496 | $287 | $388 | $492 | $579 | $698 |
| | Pharmaceutical | 13 | $520 | $329 | $409 | $480 | $600 | $828 |
| Age | Younger than 35 | 3 | $315 | ISD | ISD | $340 | ISD | ISD |
| | 35-39 | 29 | $348 | $250 | $268 | $300 | $383 | $480 |
| | 40-44 | 48 | $425 | $290 | $300 | $375 | $469 | $621 |
| | 45-49 | 75 | $457 | $300 | $350 | $415 | $515 | $720 |
| | 50-54 | 82 | $459 | $300 | $366 | $437 | $503 | $635 |
| | 55-59 | 64 | $515 | $348 | $400 | $483 | $595 | $795 |
| | 60 or Older | 99 | $523 | $335 | $390 | $495 | $600 | $850 |
| Gender | Male | 349 | $477 | $300 | $360 | $430 | $550 | $725 |
| | Female | 48 | $433 | $300 | $300 | $400 | $500 | $620 |
| Highest Non-Law Degree | Bachelor's Degree | 268 | $464 | $300 | $350 | $425 | $510 | $701 |
| | Master's Degree | 86 | $474 | $297 | $343 | $408 | $550 | $802 |
| | Doctorate Degree | 23 | $456 | $315 | $335 | $438 | $585 | $648 |
| Ethnicity | White/Caucasian | 360 | $467 | $300 | $350 | $425 | $520 | $705 |
| | Hispanic/Latino | 6 | $540 | ISD | $493 | $550 | $605 | ISD |
| | Asian/Pacific Islander | 12 | $446 | $262 | $309 | $413 | $559 | $775 |
| | Blended | 7 | $385 | ISD | $275 | $400 | $475 | ISD |
| | Other | 3 | $937 | ISD | ISD | $1,000 | ISD | ISD |
| Full-time Intellectual Property lawyers and agents in the firm or corporation | 1-2 | 32 | $386 | $300 | $301 | $373 | $450 | $507 |
| | 3-5 | 61 | $392 | $275 | $328 | $400 | $428 | $525 |
| | 6-10 | 58 | $407 | $289 | $326 | $400 | $475 | $550 |
| | 11-25 | 93 | $436 | $297 | $350 | $400 | $480 | $600 |
| | 26-50 | 71 | $487 | $303 | $380 | $450 | $515 | $696 |
| | 51-100 | 45 | $565 | $380 | $451 | $510 | $705 | $829 |
| | 101-150 | 20 | $640 | $408 | $505 | $600 | $720 | $971 |
| | More than 150 | 21 | $733 | $480 | $594 | $795 | $868 | $942 |



Enterprise Legal Management
**Trends Report**

2015 MID-YEAR EDITION
# Update on the Six Key Metrics

Powered by: LexisNexis® | CounselLink®



KEY METRIC **1**

## Key Metric #1: Blended Hourly Rate for Matters – by Practice Area

Blended hourly rates and rate volatility differ by type of work

*Based on trailing 12-months ending June 30, 2015.*
*Practice areas ordered by median blended matter rates.*



Volatility is a calculated indicator of blended rate variability. Higher numbers suggest a better opportunity to negotiate rates and/or the assigned timekeeper mix.

*See following page for guidance on interpreting this chart.*

**EXHIBIT B**


# COMCAST

# Invoice

Comcast Legal Response Center
650 Centerton Road
Moorestown, New Jersey 08057
866-947-8572

| Date | Invoice # |
|------|-----------|
| 9/6/2016 | 2016-4002 |

**Bill To**

Lowe Graham Jones
David A Lowe
701 5th Ave, Suite 4800
Seattle, WA 98104-7009

INIP-6-0036
RECEIVED

SEP 07 2016

Lowe Graham Jones PLLC

*MasterCard*
*VISA*

**Billing Questions/pay with credit card by calling Kate Ford at 856-675-5126.**

| Docket Number | Terms |
|---------------|-------|
| 2:16-cv-00729 | Net 30 |

| Description | Qty | Rate | Amount |
|-------------|-----|------|--------|
| CRIMINAL PRODUCTIONS, INC. v. DOES 1-14<br>United States District Court for the Western District of Washington<br>Docket No.: 2:16-cv-00729<br>Order Entered: July 28, 2016<br>Comcast File #: 754869-754876 & 754878-754883 | | | |
| Complete IP identifications | 13 | 70.00 | 910.00 |
| Unable to identify IP address | 1 | 35.00 | 35.00 |

| | Total | $945.00 |
|---|-------|---------|

**EXHIBIT C**

 Fight © Trolls Retweeted

 **Raul** @Raul15340965 · 2h
Super Lawyer David A. Lowe obtains a whopping $750 (c) infringement award for his client, #DallasBuyersClub + fees. casetext.com/case/dall-buye…

       1       1      

**EXHIBIT D**



**DieTrollDie**
@DieTrollDie

 Follow

WAWD judge awards Min damages ($750) to #Copyright Troll Dallas Buyers Club against 19 Defendants (Defaults) -

dietrolldie.files.wordpress.com/2016/08/dbc_de

...

| RETWEET | LIKE | |
|---------|------|---|
| 1 | 1 |  |

10:16 AM - 9 Aug 2016

   1   1  ...

---



**DieTrollDie** @DieTrollDie · 2h
@DieTrollDie Total damage/fees are probably less than voluntary settlement and attorney fees.

↩  ⟳  ♥ 1  •••

**EXHIBIT E**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PTG NEVADA, LLC,** | 3:15-cv-02017-BR |
| Plaintiff, | JUDGMENT AND |
| | PERMANENT INJUNCTION |
| v. | |
| **BRYAN WILSON**, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's Motion (#40) for a Default Judgment. Based on its review of the record, the Court finds a Default Judgment is warranted and enters the following JUDGMENT:

(1)     An Order of Default (#37) was entered on August 10, 2016, against Defendant Bryan Wilson for failure to timely appear or to respond in this matter after he was properly served;

(2)     Defendant Bryan Wilson has willfully infringed Plaintiff PTG's rights in violation of 17 U.S.C. § 101, *et seq.*;

(3)     Defendant Bryan Wilson's conduct has been willful, intentional, and in disregard of and indifference to Plaintiff's rights, and such conduct caused harm to Plaintiff and deprived Plaintiff of income;

(4)     Statutory damages pursuant to 17 U.S.C. § 504 are proper both to compensate the Plaintiff and to provide notice to others as a deterrent.  The record reflects Defendant has downloaded the subject movie over 200 times and has downloaded over 1,000 other proprietary titles, many of which were downloaded after

1   JUDGMENT AND PERMANENT INJUNCTION

Defendant received notice of this action against him.  On this record the Court **AWARDS** statutory damages to Plaintiff in the amount of $7,500 pursuant to 17 U.S.C. § 504 and as notice to the general public that Plaintiff's claims and these proceedings are not to be disregarded or ignored;

(5)     Defendant Bryan Wilson is **PERMANENTLY ENJOINED** from directly or indirectly infringing Plaintiff's rights as to the motion picture *Pay The Ghost* identified in the First Amended Complaint, including without limitation using the Internet to reproduce, to distribute, to copy, or to publish *Pay The Ghost* except pursuant to a lawful license from Plaintiff;

(6)     Defendant Bryan Wilson is **ORDERED** to delete any unlicensed copy of the motion picture *Pay The Ghost* in his possession or control; and

(7)     Defendant Bryan Wilson is **ORDERED** to refrain from knowingly and willfully using BitTorrent or the Internet for copying or downloading content in violation of U.S. copyright law.

IT IS SO ORDERED AND ADJUDGED.

DATED this 15th day of September, 2016.

/s/ Anna J. Brown
ANNA J. BROWN
United States District Judge

2   JUDGMENT AND PERMANENT INJUNCTION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   15-cv-2264-WYD-MEH

DALLAS BUYERS CLUB, LLC,

      Plaintiff,

v.

BILL R. KINDERMAN,

      Defendant.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

THIS MATTER is before the Court in connection with Magistrate Judge Michael E. Hegarty's Recommendation Regarding Plaintiff's Motion for Default Judgment (ECF No. 42) ("Recommendation"), issued on July 15, 2016, which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  Magistrate Judge Hegarty recommends that default judgment be entered against Defendant Bill R. Kinderman.

Plaintiff is the owner of United States Copyright Registration Number PA 1-873-195 for the motion picture entitled "Dallas Buyers Club", which was registered on or about November 13, 2013.  Plaintiff seeks a default judgment against Defendant claims that Defendant installed a BitTorrent Client program onto his computer and visited a torrent site to upload and download Plaintiff's copyrighted material.  Defendant did not file an answer or other responsive pleading in this matter, nor did he file an appearance.

1

Judge Hegarty analyzed Plaintiff's claims in light of the requested relief.  He determined that the elements of Plaintiff's claims of copyright infringement have been met, and that default judgment against Defendant on this claim is appropriate.  Judge Hegarty notes that Plaintiff has established that Defendant copied Plaintiff's copyright protected material and recommends that the Court find that Defendant has committed a direct infringement of the Copyright Act.  Further, Judge Hegarty recommends that the Court grant a statutory damage award of $2,250.00, which is appropriate to accomplish the intent set forth by Congress with the Copyright Act (as authorized by 17 U.S.C. § 504(c)(1)), and that the Court grant Plaintiff's request for $2,200.00 in attorney's fees, based on 7.4 hours of work at $300.00 per hour, and $596.00 in costs (as authorized by 17 U.S.C. § 505).

Judge Hegarty's Recommendation included an advisement to the parties that any written objection was due within fourteen (14) days after service of the Recommendation.  No objections were filed.  Accordingly, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").  Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1]  See Fed. R. Civ. P. 72(b) Advisory Committee Notes.

---

[1]  Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record.  I agree with Magistrate Judge Hegarty's finding that a default judgment against Defendant Bill R. Kinderman is appropriate in this matter.  I further agree with the Recommendation's findings regarding a default judgment in favor of Plaintiff, and the awarding of attorney's fees and costs.  Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge dated July 15, 2016 (ECF No. 42) is **AFFIRMED and ADOPTED**. It is

FURTHER ORDERED that Plaintiff's Motion for Default Judgment (ECF No. 39) be **GRANTED**.  Default judgment shall be entered on the Complaint in favor of Plaintiff Dallas Buyers Club, LLC, and against Defendant Bill R. Kinderman for direct copyright infringement, as set forth in Count I of the Amended Complaint, in the amount of $5,046.40 (consisting of $2,250.00 in statutory damages, $2,200.00 in attorney's fees, and $596.40 in costs).

Dated:  August 9, 2016

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

COBBLER NEVADA, LLC,                    )
                                        )
   Plaintiff,                           )  Case No.:  15-cv-7536
                                        )
v.                                      )
                                        )  Judge Matthew F. Kennelly
TIFFANY LEWIS, DONALD GRIFFITH          )
and WILLIAM ESTRADA,                    )
                                        )
   Defendants.                          )

## JUDGMENT ORDER

This cause coming before the Court on the Motion of Plaintiff Cobbler Nevada, LLC for damages, due notice being given, the Court being fully advised in the premises;

It is hereby ordered that:

1.    Damages are awarded against Defendant, Donald Griffith, and in favor of Plaintiff, Cobbler Nevada, LLC, in the amount of $8,000.00.

2.    Defendant, Donald Griffith, is permanently enjoined from directly infringing Plaintiff's rights in Plaintiff's copyrighted Movie, *The Cobbler* (the "Movie"), including, without limitation, by using the Internet, BitTorrent or any other online media distribution system to reproduce (e.g., upload/download) or distribute the Movie, or to make the Movie available for distribution to the public, except pursuant to a lawful license or with the express authorization of Plaintiff.

3.     Defendant, Donald Griffith, is to destroy all copies of the Movie that he has uploaded/downloaded onto any computer hard drive or server without Plaintiff's authorization, and to destroy all copies of the Movie transferred onto any physical medium or device in his possession, custody or control.

Entered:   8/3/2016

U.S. District Judge Matthew F. Kennelly

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 15-cv-01897-WYD-MEH

COBBLER NEVADA, LLC,

      Plaintiff,

      v.

KYLE J. GREER,

      Defendant.

---

## ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

---

THIS MATTER is before the Court on Plaintiff's Motion for Entry of Default Judgment against Defendant Kyle J. Greer (ECF No. 65).   In his Recommendation, Magistrate Judge Hegarty recommends that the pending motion be granted. (Recommendation at 1, 13-14).   The Recommendation is incorporated herein by reference.   *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b).

Magistrate Judge Hegarty advised the parties that written objections were due within fourteen (14) days after service of a copy of the Recommendation. (Recommendation at 1).   Despite this advisement, no objections were filed to the Recommendation.   No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate."   *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when

neither party objects to those findings").   Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1]   *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record.   I find that Magistrate Judge Hegarty's Recommendation is thorough, well-reasoned and sound.   I agree with Magistrate Judge Hegarty that a default should enter in favor of the Plaintiff and against Defendant Kyle J. Greer for the reasons stated in both the Recommendation and this Order.

Based on the foregoing, it is

ORDERED that the Recommendation of United States Magistrate Judge Hegarty (ECF No. 67) is **AFFIRMED** and **ADOPTED**.   It is

FURTHER ORDERED that Plaintiff's Motion for Entry of Default Judgment against Defendant Kyle J. Greer (ECF No. 65) is **GRANTED** as follows:

1. Judgment shall enter in Plaintiff's favor against Defendant Kyle Greer for direct copyright infringement of the Plaintiff's copyrighted works, as set forth in Count I of the First Amended Complaint; as well as for contributory copyright infringement of the Plaintiff's copyrighted works, as set forth in Count II, and

2. Defendant Kyle Greer is ordered to pay to Plaintiff the sum of $2,250.00 in statutory damages, as authorized by 17 U.S.C. § 504(c)(1), and $1,567.50 for attorney's fees as well as $561.40 for costs as authorized by 17 U.S.C. § 505.

---

[1]   Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review, Fed. R. Civ. P. 72(b).

Dated:   July 22, 2016

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE

-3-

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CLEAR SKIES NEVADA, LLC,**

           **Plaintiff,**

**v.**                                        **Case No:  6:15-cv-1987-Orl-31TBS**

**ALEC REECE,**

           **Defendant.**

_____

## ORDER

      This cause comes before the Court on Plaintiff's Motion for Entry of Default Final Judgment and Permanent Injunction against Defendant Alec Reece (Doc. 28), filed June 9, 2016.

      On June 15, 2016, the United States Magistrate Judge issued a report (Doc. 29) recommending that the motion be granted in part and denied in part. No objections have been filed.   Therefore, it is **ORDERED** as follows:

      1.      The Report and Recommendation is **CONFIRMED** and **ADOPTED** as part of this Order.

      2.      The Motion for Default Final Judgment and Permanent Injunction is **GRANTED** to the extent that default final judgment is entered.   T**he Clerk is directed to enter final default judgment in favor of Plaintiff and against Defendant in the amount of $9,522.00, which represents $6,000.00 statutory damages and $3,522.00 attorney's fees and costs.

      3.      A permanent injunction is hereby **ENTERED** against Alec Reece as follows:

      Defendant Alec Reece is hereby permanently enjoined, from directly or indirectly (a) infringing Plaintiff's rights in the copyrighted motion picture, including without limitation by using the internet to reproduce or copy the motion picture; (b) distributing the motion picture; (c)

making the motion picture available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff; (d) requiring Reece to destroy all copies of the motion picture that Reece has downloaded onto any computer hard drive or server without Plaintiff's authorization; and (e) requiring Reece to destroy all copies of the motion picture that have been transferred onto any physical medium or device in Reece's possession, custody, or control.

      4.     After entry of judgment, the Clerk is directed to close the file.

      **DONE** and **ORDERED** in Chambers, Orlando, Florida on July 7, 2016.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLEAR SKIES NEVADA, LLC,

     Plaintiff,

v.                                Case No:   6:15-cv-1987-Orl-31TBS

ALEC REECE,

     Defendant.

_____

## REPORT AND RECOMMENDATION

     Pending before the Court is Plaintiff's Motion for Entry of Default Final Judgment and Permanent Injunction against Defendant Alec Reece (Doc. 28).   After due consideration, I respectfully recommend that the motion be **GRANTED in part** and **DENIED in part.**

### I. Background

     Plaintiff Clear Skies Nevada, LLC, a Nevada limited liability company, owns the copyright to the motion picture Good Kill (the "motion picture") (Doc. 11, ¶ 1).   Plaintiff filed this action on November 20, 2015, alleging that Defendant John or Jane Doe, identified only by internet protocol ("IP") address, violated its copyright by downloading the motion picture and sharing it with others using the BitTorrent protocol, which is a type of peer-to-peer file sharing software (Doc. 1).   Through early discovery (Doc. 7), Plaintiff traced Defendant's IP address to one Alec Reece, who was then named as the Defendant in Plaintiff's amended complaint (Doc. 11).   Plaintiff caused its amended complaint and original process to be personally served on Reece on February 22, 2016 (Doc. 14).

The amended complaint alleges that Reece participated in a BitTorrent "swarm" in which numerous persons engaged in mass copyright infringement of the motion picture (Doc. 11, ¶¶ 6-8). Plaintiff alleges that Reece illegally uploaded and shared the motion picture within the swarm, was a willing and knowing participant in the swarm, and engaged in such participation for the purpose of infringing Plaintiff's copyright (Id., ¶¶ 7-9). By participating in the swarm, Reece allegedly became both an uploader and downloader of the motion picture (Id., ¶¶ 15-18). Using the BitTorrent protocol, Reece's distribution of a single unlawful copy of the motion picture could result in the nearly instantaneous worldwide distribution of that copy to an unlimited number of people (Id., ¶ 16).

Reece appeared pro se and filed a motion to dismiss the amended complaint for lack of jurisdiction (Doc. 15). His motion was denied on April 15, 2016 (Doc. 21). After his motion was denied, Reece failed to plead or otherwise defend this case and the clerk entered his default on May 12, 2016 (Doc. 27). Now, Plaintiff seeks the entry of a default final judgment and permanent injunction against Reece (Doc. 28). Plaintiff also seeks $150,000 in statutory damages, $3,035 in attorney's fees, and $487 in costs.

## II. Discussion

Rule 55(b) of the Federal Rules of Civil Procedure authorizes a court to enter default judgment against a party whose default has been entered by the clerk. Once default has been entered, a defaulting defendant is considered to have admitted all the well-pleaded allegations of fact in the plaintiff's complaint. See Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987). But, "a defendant's default does not in itself warrant the court in entering a default judgment," and it "is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." Nishimatsu Const.

Co., Ltd., v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]  Along with the requirement that the clerk's entry of default be proper, the court may enter a default judgment only if there is "a sufficient basis in the pleadings for the judgment entered."  Id. The party seeking default judgment must also comply with the requirements of the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, if applicable.

Reece was served personally and has failed to plead or otherwise defend the case as required by law.  Accordingly, the entry of default by the clerk was proper.  "When service of process is properly effected, but the served party fails to respond in a timely manner, the clerk must enter a default against that party once the district court is informed of that failure."  Kelly v. Florida, 233 F. App'x 883, 885 (11th Cir. 2007) (citing FED. R. CIV. P. 55(a)).

In his affidavit of service, the process server states that he inquired and Reece is not in the military service of the United States (Id.).  Therefore, the Servicemembers Civil Relief Act does not prevent the entry of default judgment.

The Court has federal question jurisdiction over Plaintiff's claims for copyright infringement and contributory copyright infringement.  To establish a prima facie case of copyright infringement, two elements must be proven: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991).  "One infringes contributorily by intentionally inducing or encouraging direct infringement …."  Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 930 (2005).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

The allegations in the amended complaint are sufficient to state a claim for copyright infringement and contributory copyright infringement.   Plaintiff holds the copyright registration to the motion picture.   Attached to the amended complaint is a copy of the certificate of registration, which has an effective date of April 6, 2015 (Doc. 11, ¶ 1; Doc. 11-1).   The certificate of registration "constitute[s] prima facie evidence of the validity of the copyright and of the facts stated in the certificate" because it was made within five years after first publication of the work.   17 U.S.C. § 410(c).

The amended complaint alleges that Reece uploaded and shared the motion picture with a BitTorrent swarm in which numerous persons engaged in mass copyright infringement of the motion picture (Doc. 11, ¶¶ 6-9).   The amended complaint also alleges that Reece's "BitTorrent program used the BitTorrent protocol to initiate simultaneous connections with hundreds of other users possessing and 'sharing' copies of [the motion picture.]"   (Id., ¶¶ 10-13).   Reece's participation in the swarm made him both an uploader and downloader of the motion picture and made the motion picture available to others "without degradation in sound or picture quality."   (Id., ¶ 14).

Plaintiff's investigator verified Reece's participation in the BitTorrent swarm by downloading a portion of the motion picture from Reece (Id., ¶ 10).   Based on these well-pled allegations, I find that Plaintiff has sufficiently alleged that Reece copied constituent elements of the motion picture that are original, see Latimer v. Roaring Toyz, Inc., 601 F.3d 1224, 1233 (11th Cir. 2010) ("If a plaintiff survives a challenge to the originality requirement, they must also prove that 'the copying of copyrighted material was so extensive that it rendered the offending and copyrighted works substantially similar.'")), and had sufficient knowledge of his own infringing activity as well as the infringing conduct of others to be held liable for contributory copyright infringement.   See Casella v.

Morris, 820 F.2d 362, 365 (11th Cir. 1987) ("The test for contributory infringement has been formulated as 'one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another.'").

The Copyright Act permits an award of statutory damages in lieu of actual damages attributable to the infringement. 17 U.S.C. § 504(a)-(c). Statutory damages for each individual act of infringement ordinarily range from $750 to $30,000. 17 U.S.C. § 504(c)(1). Where the copyright owner establishes willful infringement, the court may increase the award of statutory damages, up to a maximum of $150,000 per infringement. 17 U.S.C. § 504(c)(2). Plaintiff has not provided any evidence of its own lost sales, profits, or licensing fees as a result of the infringement to assist the Court in determining the appropriate amount of statutory damages to award. Still, Plaintiff seeks an award of $150,000 in statutory damages. It argues that the maximum statutory damages award is appropriate because Reece's copyright infringement was committed willfully and led to infringement by thousands of other individuals (Doc. 28 at 4, 10).

"The vast majority of other courts assessing statutory damages in similar cases in which the defendants have downloaded copyrighted material via bit torrent have assessed damages of approximately $6,000 based on an inference of willfulness." Bait Prods. Pty Ltd. v. Aguilar, No. 8:13-CV-161-T-31DAB, 2013 WL 5653357, at *6 (M.D. Fla. Oct. 15, 2013) (collecting cases). See also Clear Skies Nevada, LLC v. Salman, No. 8:15-CV-2710-T-30TGW, 2016 WL 2898665, at *2 (M.D. Fla. May 18, 2016) (awarding $6,000 in BitTorrent copyright infringement case); Thompsons Film, LLC v. Velez, No. 6:13-CV-671-ORL-36TB, 2014 WL 3721288, at *1 (M.D. Fla. July 28, 2014) (same). I am persuaded by the reasoning in these cases and recommend that an appropriate

award of statutory damages is $6,000.   I find this amount to be particularly appropriate in light of the lack of any evidence of Plaintiff's lost profits or actual damages.

Plaintiff also asks that the Court enjoin Reece from infringing, directly or indirectly, Plaintiff's copyrighted motion picture.   The injunction Plaintiff seeks would prohibit Reece's use of the internet to reproduce or copy, distribute, or make the motion picture available to the public without license or express permission.   Plaintiff also asks that the Court order Reece to destroy all copies of the motion picture downloaded by him onto any computer hard drive or server or transferred onto any physical medium or device in Reece's possession, custody, or control.

The Copyright Act authorizes temporary or final injunctive relief as a remedy for infringement "on such terms as [the court] may deem reasonable to prevent or restrain infringement of a copyright."   17 U.S.C. § 502(a).   To obtain a permanent injunction, a plaintiff must satisfy a four-factor test.

> A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).   "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion."   Id.

Plaintiff has not provided any evidence of actual damage suffered as a result of Reece's infringement.   But, Plaintiff has sufficiently established that Reece's conduct "is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury."   (Doc. 11, ¶ 38).   Considering the factual allegations in the

amended complaint, the nature of the BitTorrent system, see Patrick Collins, Inc. v. Gillispie, No. 11-CV-01776, 2012 WL 666001, at *4-5 (D. Md. Feb. 23, 2012) ("Given the nature of the BitTorrent system, the Court finds that a permanent injunction is necessary to protect Plaintiff's ownership rights in this instance."), and the nature of the copyrighted work, see Malibu Media, LLC v. Schelling, No. 13-11436, 2014 WL 3400580 (E.D. Mich. July 8, 2014) ("[P]ermanent injunctions are typically granted in situations involving unlawful infringement of copyrights in ... compositions because of the strong probability that unlawful performances of other copyrighted material will occur.'"), I find that Plaintiff has sufficiently established a continuing threat to its copyright.   Cf. Pac. & S. Co., Inc. v. Duncan, 744 F.2d 1490, 1499 (11th Cir. 1984) ("[P]ast infringement and a substantial likelihood of future infringements … normally entitle the copyright holder to a permanent injunction against the infringer pursuant to 17 U.S.C.A. § 502(a) (1977)).

Due to the possibility of future infringement by Reece and others, monetary damages alone are inadequate to compensate Plaintiff for any injury it has sustained or will potentially sustain in the future.   Furthermore, as Reece has not furnished any evidence purporting to show his claim to the works, he would suffer minimal, if any, hardship as a result of the injunction being issued.   Finally, there is no indication that the public interest would be disserved by the issuance of a permanent injunction against Reece.   For these reasons, I find that Plaintiff has satisfied the four-factor test for the requested permanent injunction.

In addressing attorney's fees and costs, the Copyright Act states:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.   Except as otherwise provided by this title, the court may also award a

> reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.   Plaintiff has requested $3,035 in attorney's fees and $487 in costs (Doc. 28 at 11).   In the Eleventh Circuit, courts use the lodestar approach to determine reasonable attorney's fees.   Chemische Fabrik Budenheim KG v. Bavaria Corp. Int'l, No. 6:08-cv-1182-Orl-22DAB, 2010 WL 98991 (M.D. Fla. Jan. 6, 2010); Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988).   The court determines the lodestar by multiplying the number of hours reasonably expended by a reasonable hourly rate.   Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 2005) (per curiam); Norman, 836 F.2d at 1299.   The Court must exclude from its calculation "excessive, redundant or otherwise unnecessary" hours.   Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).   "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299.   "Ultimately, the computation of a fee award is necessarily an exercise in judgment, because '[t]here is no precise rule or formula for making these determinations.'"   Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436).

As the fee applicant, Plaintiff "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates."   Norman, 836 F.2d at 1303. Plaintiff can meet this burden "by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates."   Chemische, 2010 WL 98991, at *4.   "[T]he Court may use its own expertise and judgment to make an appropriate independent assessment of the value of the attorney's services."   Id. (citing Norman, 836 F.2d at 1303).   See also Perez v. Sanford-Orlando Kennel Club, Inc., No.

6:05-cv-269-Orl-28KRS, 2009 WL 2500290, at *2 (M.D. Fla. Aug. 14, 2009) ("It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees.").

Plaintiff's attorney Richard Fee has filed his declaration stating that he has been practicing law since 1989 and is the president of the law firm representing Plaintiff (Doc. 28-1, ¶¶ 2-3). He reports spending one billable hour at his standard rate of $425 per hour on this case (Id., ¶ 8). His associate, Catherine Yant spent 11.6 hours on the case (Id.). Her rate is $225 per hour (Id.). Based upon the information provided, I find Mr. Fee's rate to be high and Ms. Yant's rate to be reasonable. I also find the time expended to be reasonable. Although Mr. Fee's rate appears high, the total amount claimed ($3,035) is reasonable and I recommend Plaintiff be awarded this amount.

Plaintiff's costs include the $400 filing fee; $57 for service of process on Reece; and $30 for information subpoenaed from Bright House Networks, LLC to identify Reece as the Defendant (Id., ¶9). A prevailing party is generally entitled to an award of all taxable costs incurred in litigating the dispute. See FED. R. CIV. P. 54(d)(1). Pursuant to statute,

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title [28 USCS § 1923]; [and] (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 USCS § 1828].

28 U.S.C. § 1920. Applying the statute, I find that the filing fee, fee for service of

process, and the cost of information necessarily obtained to identify Reece are all recoverable.   Accordingly, I recommend that Plaintiff be awarded $487 in costs.

## III. Recommendation

For the foregoing reasons, I **RESPECTFULLY RECOMMEND** that Plaintiff's Motion for Entry of Default Final Judgment and Permanent Injunction (Doc. 28) be **GRANTED** to the extent that default final judgment is entered:

(1)   Awarding Plaintiff $6,000 in statutory damages with interest thereon as provided by law that is due and payable by Reece.

(2)   Awarding Plaintiff $3,035 in attorney's fees and $487 in costs with interest thereon as provided by law that is due and payable by Reece.

(3)   Permanently enjoining Reece from directly or indirectly (a) infringing Plaintiff's rights in the copyrighted motion picture, including without limitation by using the internet to reproduce or copy the motion picture; (b) distributing the motion picture; (c) making the motion picture available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff; (d) requiring Reece to destroy all copies of the motion picture that Reece has downloaded onto any computer hard drive or server without Plaintiff's authorization; and (e) requiring Reece to destroy all copies of the motion picture that have been transferred onto any physical medium or device in Reece's possession, custody, or control.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual

finding or legal conclusion the district judge adopts from the Report and

Recommendation. <u>See</u> 11th Cir. R. 3-1.

      **RESPECTFULLY RECOMMENDED** at Orlando, Florida on June 15, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

      Presiding United States District Judge
      Counsel of Record
      Any Unrepresented Parties

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COBBLER NEVADA, LLC,

               **Plaintiff,**

vs.                                        **Case No. 8:15-cv-2653-T-27TBM**

BRANE JOKIC,

               **Defendant.**

_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation (Dkt. 18) submitted by the
Magistrate Judge recommending that Plaintiff's Motion for Entry of Default Final Judgment and
Permanent Injunction (Dkt. 13) be granted in part. Neither party has objected to the Report and
Recommendation.

After careful consideration of the Report and Recommendation in conjunction with an
independent examination of the file, the Court is of the opinion that the Report and Recommendation
should be adopted, confirmed, and approved in all respects. Accordingly, it is **ORDERED**:

    1)    The Report and Recommendation (Dkt. 18) is adopted, confirmed, and approved in
           all respects and is made a part of this order for all purposes, including appellate
           review.

    2)    Plaintiff's Motion for Entry of Default Final Judgment and Permanent Injunction
           (Dkt. 13) is **GRANTED** *in part*.

    3)    The Clerk is directed to **ENTER DEFAULT FINAL JUDGMENT** in favor of
           Plaintiff and against Defendant in the amount of $17,437 ($15,000 in statutory
           damages, $1,950 in attorney's fees, and $487 in costs).

4)     A permanent injunction is hereby **ENTERED** against Defendant as follows:

> Defendant is enjoined from directly or indirectly infringing Plaintiff's rights in *The Cobbler* motion picture, including without limitation by using the Internet to reproduce or copy *The Cobbler*, to distribute *The Cobbler*, or to make *The Cobbler* available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Defendant is also enjoined to destroy all copies of *The Cobbler* that Defendant has downloaded or transferred, without Plaintiff's authorization, onto any physical medium or device in Defendant's possession, custody, or control.

4)     The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** on this ⟨22ⁿᵈ⟩ day of June, 2016.

> **JAMES D. WHITTEMORE**
> **United States District Judge**

Copies to:
Counsel of Record
Unrepresented Parties

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COBBLER NEVADA, LLC,

      Plaintiff,

v.                          Case No. 8:15-cv-2652-T-33AEP

JACOB WOODARD, a/k/a JOHN OR
JANE DOE subscriber assigned
IP Address 65.35.122.246,

      Defendant.
_____/

**ORDER**

This matter comes before the Court on Cobbler Nevada LLC's Motion for Default Judgment against Jacob Woodard (Doc. # 21) filed on April 28, 2016. The Court held a hearing on June 2, 2016, and for the reasons stated herein as well as at the hearing, this Court grants Plaintiff's Motion for Default Judgment and request for a permanent injunction, and awards $15,000 in statutory damages, $2,895 in attorneys' fees, and $487 in costs.

## I. **Factual History**

Cobbler Nevada holds the copyright to the motion picture The Cobbler under registration number Pau 3-744-688. (Doc. # 2-3 at ¶ 1; Doc. # 13 at ¶ 1). Cobbler Nevada, through a private investigator and geolocation technology, determined

1

The Cobbler was improperly downloaded and made available
online by a BitTorrent user in this district. (Doc. # 13 at
¶¶ 4, 10). BitTorrent is a peer-to-peer communications
protocol through which users may download and share files
online. (Id. at ¶¶ 6-7). Users download files, such as music
or movies, in portions and by doing so copies of those
portions become automatically available to download by other
BitTorrent users. (Id. at ¶¶ 13-14).

Cobbler Nevada filed its Complaint on November 12, 2015,
alleging the subscriber assigned IP Address 65.35.122.246
violated 17 U.S.C. § 501 and 17 U.S.C. §§ 106(1) and (3) by
reproducing and distributing illicit copies of The Cobbler
using BitTorrent. (Doc. # 1 at ¶¶ 6, 30). Cobbler Nevada
subsequently subpoenaed Bright House Networks and learned
Woodard is the account holder of the infringing IP address.
(Doc. # 13 at ¶ 20). Thereafter, Cobbler Nevada filed an
Amended Complaint. (Id.).

**II.  Procedural History**

Woodard was served with a Summons and an Amended
Complaint on March 5, 2016. (Doc. # 15) Woodard failed to
file a timely response by March 28, 2016. See Fed. R. Civ. P.
12(a)(1)(A); (Doc. # 16). Upon Cobbler Nevada's application,
the Clerk entered a default against Woodard pursuant to Rule

55(a) on April 5, 2016. Fed. R. Civ. P. 55(a); (Doc. ## 17, 18 at ¶ 1). Cobbler Nevada now moves for a default judgment to be entered by this Court under Rule 55(b)(2).

Cobbler Nevada requests a permanent injunction enjoining Woodard from directly or indirectly infringing on its rights under the copyright. (Doc. # 13 at ¶ 38). Specifically, Cobbler Nevada requests Woodard be barred from "using the internet to reproduce or copy Plaintiff's Motion Picture, to distribute Plaintiff's Motion Picture, or to make Plaintiff's Motion Picture available for distribution except pursuant to lawful license or with express authority of plaintiff." (Doc. # 21 at ¶ 6). Additionally, Cobbler Nevada requests an order obliging Woodard to "destroy all copies of Plaintiff's Motion Picture that the defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization" and "destroy all copies of the downloaded Motion Picture transferred onto any physical medium or device in Defendant's possession, custody, or control." (Id.). Cobbler Nevada also requests statutory damages in the amount of $150,000 pursuant to 17 U.S.C. § 504, $2,895 in attorneys' fees ($1,930 requested in the Amended Complaint and an additional $965 requested at the June 2, 2016, hearing), and costs of $487 pursuant to 17 U.S.C. § 505. (Doc. # 21-1 at ¶ 8).

III. **Legal Standard**

District courts may enter default judgments against defendants who fail to plead or otherwise defend actions brought against them. Fed. R. Civ. P. 55(a); ABS-SOS Plus Partners Ltd. v. Vein Assocs. of Am., Inc., No. 6:08-cv-1409-Orl-31DAB, 2008 WL 5191701, at *1 (M.D. Fla. Dec. 10, 2008) (citing DirectTV v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003)).

For a judgment of default to be entered, Cobbler Nevada must allege sufficient facts to support a finding of Woodard's liability. While factual allegations are taken as true in issuing a default judgment, legal conclusions are not. Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005) ("[W]hile a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit . . . conclusions of law"). For a default judgment to be entered, the plaintiff must state sufficient facts that, if taken to be true, support a finding of defendant's liability. Id. A court must "examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment." Nike, Inc. v. Austin, No. 6:09-cv-796-Orl-28KRS, 2009 WL 3535500, at *1 (M.D. Fla. Oct. 28, 2009). The standard used to determine the

4

sufficiency of the factual allegations pled is "akin to that necessary to survive a motion to dismiss for failure to state a claim." Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015) (per curiam). To survive a motion to dismiss, the plaintiff's complaint must allege "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). For default judgment to be issued, the facially-plausible facts alleged in the complaint must satisfy all the elements of the offenses charged.

"Once liability is established, the court turns to the issue of relief." Enpat, Inc. v. Budnic, 773 F. Supp. 2d 1311, 1313 (M.D. Fla. 2011). Pursuant to Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings,' and a court may conduct hearings when it needs to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter." Id. (citing Fed. R. Civ. P. 55(b)(2)).

## IV. <u>Liability</u>

Cobbler Nevada alleges Woodard (1) directly infringed on its copyright by using BitTorrent to unlawfully reproduce and distribute copies of The Cobbler, and by so doing, (2)

5

contributed to additional copyright infringement by third parties. (Doc. # 13 at ¶¶ 34, 40, 41).

A. **Direct Copyright Infringement**

Direct copyright infringement requires two elements be satisfied "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991).

To satisfy the first element, "a plaintiff must prove that the work . . . is original and that the plaintiff complied with applicable statutory formalities." Bateman v. Mnemonics, Inc., 79 F.3d 1532, 1541 (11th Cir. 1995) (quoting Lotus Dev. Corp. v. Borland Int'l, Inc., 49 F.3d 807, 813 (1st Cir. 1995)). "[A] certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). Once a prima facie case is made, "the burden shifts to the defendant to demonstrate why the claim should be invalid." Bateman, 79 F.3d at 1541. Cobbler Nevada submitted a copy of the registration dated 2014 (Doc. # 2-3 at ¶ 1), thereby making a prima facie case of valid ownership.

Woodard failed to rebut this presumption, thus the first element is satisfied.

To meet the second element, the plaintiff must show the "alleged infringer actually copied plaintiff's copyrighted material." Latimer v. Roaring Toyz, Inc., 601 F.3d 1224, 1233 (11th Cir. 2010). "To qualify for copyright protection, a work must be original to the author." Feist Publ'ns, 499 U.S. at 345. "Original, as the term is used in copyright, means only that the work was independently created by the author . . . and that it possess at least some minimal degree of creativity." Id. Cobbler Nevada has alleged the portions of the work infringed are sufficiently original; and because factual allegations are taken as true for the purposes of determining liability in default, this court finds Cobbler Nevada has successfully satisfied the second element necessary to prove copyright infringement. Malibu Media, LLC v. Danford, No. 2:14-cv-511-FtM-38CM, 2015 WL 2238210, at *1 (M.D. Fla. May 12, 2015) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).

**B.    Contributory Copyright Infringement**

Cobbler Nevada alleges Woodard's acts constitute contributory copyright infringement by making the film available online for others to directly infringe. While

7

contributory copyright infringement is not explicitly mentioned in 17 U.S.C. §§ 106 or 501, claims for contributory infringement may arise if one "intentionally induces or encourages" another to directly infringe on a holder's copyright. <u>Cambridge Univ. Press v. Patton</u>, 769 F.3d 1232, 1241 n.6 (11th Cir. 2014). Cobbler Nevada alleges Woodard's actions were intentional. (Doc. # 13 at ¶ 36). Because Woodard has not responded in this action, the Court accepts Cobbler Nevada's well-pled factual allegations as true. <u>Cotton</u>, 402 F.3d at 1278. Accordingly, this Court holds Woodard liable for contributory copyright infringement.

## V.    **Relief Requested**

Once liability is determined, the Court must determine damages. 17 U.S.C. §§ 503-505 enumerate the types of remedies that may be awarded for violating the Copyright Act. Cobbler Nevada specifically requests statutory damages, injunctive relief, attorney's fees, and costs. (Doc. # 13 at ¶ 8(A-D)).

### A.    **Injunction**

Cobbler Nevada requests the Court issue a permanent injunction enjoining Woodard from further reproducing or copying <u>The Cobbler</u> and order him to destroy all copies of the motion picture currently within his possession. (Doc. # 13 at ¶ 38). Under 17 U.S.C. § 502(a), courts may grant

"temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." To issue a permanent injunction, the plaintiff must show

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay v. MercExchange, LLC, 547 U.S. 388, 391 (2007). "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion." Id.

This Court finds Cobbler Nevada's well-pled allegations merit injunctive relief.  The Amended Complaint, taken with Woodard's default, indicates Cobbler Nevada has suffered irreparable injury. See Arista Records, Inc. v. Beker Enters. Inc., 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003) ("Plaintiffs 'need not show irreparable harm, as the default against Defendants satisfies the element of success on the merits.'" (quoting Sony Music Entm't, Inc. v. Global Arts Prod., 45 F. Supp. 2d 1345, 1347 (S.D. Fla. 1999))). Furthermore, monetary damages are inadequate to compensate for the infringement.

Compelling Woodard to reimburse Cobbler Nevada for the copies of the film improperly downloaded, copied and distributed does not protect Cobbler Nevada from contributory infringement, nor compensate for losses stemming from infringement by third parties. Bait Prods. PTY Ltd. v. Aguilar, No 8:13-cv-161-T-31DAB, 2013 WL 5653357, at *5 (M.D. Fla. Oct. 15, 2013) ("due to the possibility of future infringement of the Motion Picture by Aguilar and others, monetary damages alone are inadequate to compensate Bait Productions for any injury it has sustained or will possibly sustain in the future").

Lastly, there is no evidence a permanent injunction would be unduly burdensome on the defendant or disserve the public interest. See Malibu Media, 2015 WL 2238210, at *4 (enjoining defendant from reproducing or distributing movies improperly obtained using BitTorrent and compelling destruction of illegally downloaded films).

This Court grants Cobbler Nevada's request for a permanent injunction enjoining Woodard from infringing its copyright in The Cobbler.

**B.** **Statutory Damages**

Cobbler Nevada seeks statutory damages pursuant to 17 U.S.C. § 504(c)(1), which requires the Court to award at least

$750, but not more than $30,000 in damages, as the Court considers just. If the Court finds the defendant willfully infringed on the copyright, the Court may increase the maximum damages awarded up to $150,000. 17 U.S.C. § 504(c)(2). "Willfully, in the context of section 504(c)(2), means that the defendant knows his actions constitute an infringement." Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829, 852 (11th Cir. 1990) (internal citations omitted). Plaintiff alleges Woodard willfully infringed on the copyright given The Cobbler is "easily discernable as a professional work" that starred well-known actors and actresses (such as Adam Sandler) and was created using professional directors and cinematographers. (Doc. # 13 at ¶ 11). Because of Woodard's default, the Court may take Cobbler Nevada's well-pled allegations regarding the defendant's willfulness as true. Malibu Media, 2015 WL 2238210, at *1; Bait Prods. PTY, 2013 WL 5653357, at *6 (inferring defaulting defendant's copyright infringement by improperly downloading and uploading a film using BitTorrent was willful based on allegations made in the complaint).

Courts possess "wide latitude in determining the amount of statutory damages within the given statutory range." UMG Recordings, Inc. v. Rogue, No. 08-21259 CIV, 2008 WL 2844022,

at *2 (S.D. Fla. July 23, 2008). In determining damages, a court considers the following factors:

> (1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the copyright; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant.

Rolex Watch U.S.A., Inc. v. Lynch, No. 2:12-cv-542-FtM-38UAM, 2013 WL 2897939, at *5 (M.D. Fla. June 12, 2013).

Neither party has provided the Court with information regarding expenses saved and profits reaped from Woodard's infringement, the revenues lost by Cobbler Nevada, or the value of the copyright. Additionally, Woodard's default precludes him from cooperating by providing records of the value of the infringing material. Therefore, factors 1, 2, 3, and 6 merit no further consideration.

However, factors 4, 5, and 7 weigh in favor of increasing damages above the $750 minimum. Given the widespread practice of illegally downloading movies online, it is likely others besides Woodard will download The Cobbler. Accordingly, damages should be sufficiently high to deter third-party infringement. See Clever Covers, Inc. v. Sw. Fla. Storm Def., LLC, 554 F. Supp. 2d 1303, 1306 (M.D. Fla. 2008) (awarding

12

$31,000 in statutory damages for each copyright infringed). Statutory damages may be calculated to deter future unlawful conduct. See <u>St. Luke's Cataract & Laser Inst., P.A. v. Sanderson</u>, 573 F.3d 1186, 1205 (11th Cir. 2009) (in calculating damages for willful infringement "deterrence of future violations is a legitimate consideration") (internal citations omitted). Additionally, Cobbler Nevada alleges Woodard willfully infringed on the copyright (Doc. # 13 at ¶ 11), which may be accepted as true due to Woodard's default. See <u>Bait Prods. PTY Ltd. v. Murray</u>, No. 8:13-cv-0169-T-33AEP, 2013 WL 4506408, at *6 (M.D. Fla. 2013)).

After weighing the applicable factors, this court finds statutory damages of $15,000 is appropriate and is awarded against Woodard in favor of Cobbler Nevada. <u>Id.</u> (awarding $25,000 in statutory damages for using BitTorrent to infringe on a motion picture copyright).

**C.   <u>Attorneys' Fees</u>**

Under 17 U.S.C. § 505, the Court, in its discretion, may award reasonable attorneys' fees and the costs incurred in litigating the case. Cobbler Nevada seeks $1,930 in attorneys' fees for a total of 8.4 hours of work by two attorneys: 8.2 hours by Catharine Yant at a rate of $225 an hour, and .2 hours by Richard Fee at $425 an hour. (Doc. # 21-1 at ¶ 8).

At the June 2, 2016, hearing, Cobbler Nevada also requested $965 in fees for work performed after the Amended Complaint was filed, but before damages were awarded. This brings the total amount of attorneys' fees requested to $2,895.

"In copyright cases, although attorneys' fees are awarded in the trial court's discretion, they are the rule rather than the exception and should be awarded routinely." Arista Records, 298 F. Supp. 2d at 1316 (citing Micromanipulator Co. v. Bough, 779 F.2d 255 (5th Cir. 1984)). Under the lodestar method attorneys' fees are calculated by multiplying "the number of hours reasonably expended by a reasonable hourly rate." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam) (citation omitted). A reasonable hourly rate "is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Auth. of the City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). The Court finds the hours worked and fees requested facially reasonable and therefore awards $2,895 in attorneys' fees to Cobbler Nevada.

### C. Costs

Cobbler Nevada requests $487 for costs incurred in bringing this litigation: $400 for the filing fee, $30 in

subpoenaing information from Bright House Networks, LLC, and $57 for personally serving process on Woodard. (Doc. # 21-1 at ¶¶ 8-9). 17 U.S.C. § 505 allows for the "recovery of full costs by or against any party other than the United States or an officer thereof." "Costs" are explicitly enumerated under 28 U.S.C. § 1920, and encompass all expenses sought by Cobbler Nevada in this case.

The fee for filing the action is recoverable, and therefore is awarded to Cobbler Nevada. See Countryman Nevada LLC v. Adams, No. 6:14-cv-491-Orl-18GJK, 2015 WL 574395, at *9 (M.D. Fla. Feb. 11, 2015) (court awarding $400 filing fee in copyright infringement suit as costs under 17 U.S.C. § 505); Family Oriented Cmty. United Strong, Inc. v. Lockheed Martin Corp., No. 8:11-cv-217-T-30AEP, 2012 WL 6575348, at *1 (M.D. Fla. Dec. 2012) (holding filing fees fall within "fees of the clerk and marshal" listed in 28 U.S.C. § 1920(1)). The fee for subpoenaing Bright House Networks is also recoverable. See 28 U.S.C. § 1920(4); Countryman Nevada LLC, 2015 WL 574395, at *9 (awarding $30 for subpoenaing Bright House Networks to determine defendant's identity). Additionally, "[p]rivate process server fees may be taxed pursuant to 28 U.S.C. §§ 1920(1) and 1921 so long as they do not exceed the statutory fees authorized in § 1921." Access for the Disabled,

15

<u>Inc. v. Mo. Mart, Inc.</u>, No. 8:05-cv-392-T-23MSS, 2006 WL 5432711, at *4 (M.D. Fla. Dec. 7, 2006) (internal quotation marks omitted). The statutorily authorized fee for personal service of process is "$65 per hour (or portion thereof) for each item served." 28 C.F.R. § 0.114. As Cobbler Nevada requests a reasonable fee under the amount statutorily prescribed, the Court awards the requested fee for personal service of process to the Plaintiff.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1)    Cobbler Nevada's Motion for Default judgment (Doc. # 21) is **GRANTED**. The Clerk is directed to enter default judgment against Jacob Woodard, residing at 4008 99th Street West Bradenton, FL 34210, in favor of Cobbler Nevada.

(2)    Cobbler Nevada's request for permanent injunction agaisnt Jacob Woodard is **GRANTED**. Woodard is enjoined from directly or indirectly infringing on Cobbler Nevada's rights in the motion picture <u>The Cobbler</u>. This encompasses using the internet to reproduce or copy, distribute, or to make <u>The Cobbler</u> available for distribution to the public absent lawful license or express permission by Cobbler Nevada.

16

Woodard shall destroy all illegally obtained copies of <u>The Cobbler</u> within his possession, custody or control.

(3)    The Court **AWARDS** statutory damages in the amount of $15,000 to Cobbler Nevada.

(4)    The Court **AWARDS** attorneys' fees in the amount of $2,895 to Cobbler Nevada.

(5)    The Court **AWARDS** costs in the amount of $487 to Cobbler Nevada.

(6)    Once default judgment has been entered, the Clerk shall close this case.

    **DONE** and **ORDERED,** in Chambers in Tampa, Florida, this <u>3rd</u> day of June, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLEAR SKIES NEVADA, LLC,

      Plaintiff,

v.                                                                    Case No. 8:15-cv-2710-T-30TGW

LUIS SALMAN,

      Defendant.

_____/

## DEFAULT FINAL JUDGMENT AND PERMANENT INJUNCTION

      This cause comes before the Court upon Plaintiff's Motion for Entry of Default Final Judgment and Permanent Injunction against Defendant Luis Salman (Dkt. 16).  The Court, having reviewed the motion, supporting documentation, and being otherwise advised in the premises, concludes that the motion should be granted in part and denied in part.

## BACKGROUND

      In its amended complaint, Plaintiff Clear Skies Nevada, LLC alleges Defendant Luis Salman infringed its copyrights when he unlawfully reproduced and distributed Plaintiff's copyrighted Motion Picture by means of interactive "peer-to-peer" ("P2P") file transfer technology protocol called BitTorrent.  Plaintiff alleges that Salman participated in a BitTorrent "swarm" in which numerous persons engaged in mass copyright infringement of Plaintiff's Motion Picture.  Salman illegally uploaded and shared Plaintiff's Motion Picture

1

within the swarm. Plaintiff alleges Salman was a willing and knowing participant in the swarm at issue and engaged in such participation for the purpose of infringing Plaintiff's copyright.

On March 11, 2016, Salman was served via personal service with the amended complaint. On April 6, 2016, a Clerk's Entry of Default was entered against Salman for his failure to respond to the amended complaint. Plaintiff now moves for a default final judgment and permanent injunction. Plaintiff seeks statutory damages in the amount of $150,000.00, for Salman's willful violation of Plaintiff's copyrighted Motion Picture. Plaintiff also seeks a permanent injunction against Salman. Finally, Plaintiff requests attorney's fees in the amount of $1,255.00 and costs in the amount of $487.00.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b)(2), a court may enter a final judgment of default against a party who has failed to plead in response to a complaint. A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys.,* 803 F.2d 1130, 1134 (11th Cir. 1986). All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. *See Nishimatsu Const. Co. v.*

2

*Houston Nat. Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975);[1] *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs.,* 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002).

## DISCUSSION

The Court concludes that it has federal question jurisdiction over Plaintiff's federal copyright claims. Also, the amended complaint's allegations are sufficient to state a claim. Accordingly, the Court must determine an appropriate award of statutory damages. Although Plaintiff seeks an award of $150,000.00 in statutory damages, the Court concludes that an award of $6,000.00 is reasonable and appropriate under the circumstances.

The Copyright Act permits an award of statutory damages in lieu of actual damages attributable to the infringement. *See* 17 U.S.C. § 504(a)-(c). Statutory damages for each individual act of infringement ordinarily range from $750 to $30,000. *See* 17 U.S.C. § 504(c)(1). Where the copyright owner establishes willful infringement, however, the Court may increase the award of statutory damages, up to a maximum of $150,000 per infringement. *See* 17 U.S.C. § 504(c)(2).

Plaintiff seeks statutory damages of $150,000.00, the maximum that can be imposed based on willful infringement. There is ample authority, however, to reduce statutory damages far below the maximum allowed in similar cases. *See J & J Sports Prods., Inc. v. Arboleda,* No. 6:09-cv-467-ORL-18DAB, 2009 WL 3490859, at *7 (M.D. Fla. Oct. 27,

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981.

2009) (reducing statutory damages to $2000 instead of $50,000 requested); *Microsoft Corp. v. Raven Tech., Inc.,* No. 6:05-cv-1346-ORL-28DAB, 2007 WL 809682, at *4 (M.D. Fla. Mar. 15, 2007) (reducing requested statutory damages from $100,000 per trademark to $750); *Nintendo of Am., Inc. v. Ketchum,* 830 F. Supp. 1443, 1445 (M.D. Fla. 1993). Indeed, "[t]he vast majority of other courts assessing statutory damages in similar cases in which the defendants have downloaded copyrighted material via bit torrent have assessed damages of approximately $6,000 based on an inference of willfulness," particularly, where as here, the plaintiff has failed to demonstrate evidence of its own lost license fees, profits, or actual damages. *Bait Prods. PTY Ltd. v. Aguilar*, No. 8:13-CV-161-T-31DAB, 2013 WL 5653357, at *6 (M.D. Fla. Oct. 15, 2013) (collecting cases); *see also Thompsons Film, LLC v. Velez,* No. 6:13-CV-671-ORL-36TB, 2014 WL 3721288, at *6 (M.D. Fla. July 28, 2014) (awarding $6000 in BitTorrent copyright infringement case); *Bait Productions PTY Ltd. v. Wallis,* No. 8:13-cv-165-T-31-DAB, 2013 WL 5653359, at *6 (M.D. Fla. Oct. 15, 2013) (same); *Universal City Studios Production, LLP v. Howell,* No. 3:06-cv-395-J-33TEM, 2007 WL 853471, at *2 (M.D. Fla. Mar. 16, 2007) ($6000 in statutory damages for internet-based copyright infringement of movie). Therefore, statutory damages of $6,000.00 will be imposed.

The Court concludes that Plaintiff's request for attorney's fees and costs in the amount of $1,742.00 is reasonable and authorized under 17 U.S.C. § 505.

Finally, the Court concludes that a permanent injunction is appropriate.  Under 17 U.S.C. § 502(a), the court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  A plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief:

> A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, LLC,* 547 U.S. 388, 391 (2006).

Plaintiff has sufficiently established that absent an injunction, Salman will continue to cause Plaintiff irreparable injury that cannot fully be compensated or measured.  Furthermore, Salman has not provided the Court with any evidence purporting to show his claim to the works; therefore, Salman would suffer minimal, if any, hardship as a result of the injunction being issued.  Finally, there is no indication that the public interest would be disserved by the issuance of a permanent injunction against Salman.

It is therefore ORDERED and ADJUDGED as follows:

1.      Plaintiff's Motion for Entry of Default Final Judgment and Permanent Injunction against Defendant Luis Salman (Dkt. 16) is granted in part and denied in part to the extent stated herein.

2.      Defendant Luis Salman shall pay to Plaintiff Clear Skies Nevada, LLC the sum of $6,000.00 in statutory damages and $1,742.00 for attorney's fees and costs, for a total

award of **$7,742.00**, for which let execution issue forthwith. This amount shall accrue post-judgment interest at the current federal rate until the date of its satisfaction.

3. Defendant Luis Salman is enjoined from directly, contributorily, or indirectly infringing Plaintiff's rights under federal or state law in the copyrighted Motion Picture, including, without limitation, by using the Internet, BitTorrent, or any other online media distribution system to reproduce (e.g., download) or copy Plaintiff's Motion Picture, to distribute Plaintiff's Motion Picture, or to make Plaintiff's Motion Picture available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff.

4. Defendant is directed to immediately destroy all copies of Plaintiff's Motion Picture that he has downloaded onto any computer hard drive or server without Plaintiff's authorization, and shall destroy all copies of the downloaded Motion Picture transferred onto any physical medium or device in Defendant's possession, custody, or control.

5. The Clerk of Court is directed to enter FINAL JUDGMENT in Plaintiff's favor and against Defendant consistent with the relief stated herein.

6. The Clerk of Court is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 18, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 15-cv-00598-WYD-MEH

DALLAS BUYERS CLUB, LLC, a Texas Limited Liability Company,

      Plaintiff,

      v.

LISA HUDSON,

      Defendant.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

---

THIS MATTER is before the Court on Plaintiff's Motion for Entry of Default

Judgment against Defendant Lisa Hudson (ECF No. 41).   In his Recommendation,

Magistrate Judge Hegarty recommends that the pending motion be granted in part and

denied in part.   (Recommendation at 1, 13-14).   The Recommendation is incorporated

herein by reference.   *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b).

Magistrate Judge Hegarty advised the parties that written objections were due

within fourteen (14) days after service of a copy of the Recommendation.

(Recommendation at 1).   Despite this advisement, no objections were filed to the

Recommendation.   No objections having been filed, I am vested with discretion to review

the Recommendation "under any standard [I] deem[] appropriate."   *Summers v. Utah*,

927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985)

(stating that "[i]t does not appear that Congress intended to require district court review of

a magistrate's factual or legal conclusions, under a de novo or any other standard, when

neither party objects to those findings").   Nonetheless, though not required to do so, I

review the Recommendation to "satisfy [my]self that there is no clear error on the face of

the record."[1]   *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on

the face of the record.   I find that Magistrate Judge Hegarty's Recommendation is

thorough, well-reasoned and sound.   I agree with Magistrate Judge Hegarty that a

default should enter in favor of the Plaintiff and against Defendant Lisa Hudson for the

reasons stated in both the Recommendation and this Order.

Based on the foregoing, it is

ORDERED that the Recommendation of United States Magistrate Judge Hegarty

(ECF No. 50) is **AFFIRMED** and **ADOPTED**.   It is

FURTHER ORDERED that Plaintiff's Motion for Entry of Default Judgment against

Defendant Lisa Hudson (ECF No. 41) is **GRANTED IN PART AND DENIED IN PART** as

follows:

1. Judgment shall enter in Plaintiff's favor against Defendant Hudson for direct

copyright infringement of the Plaintiff's copyrighted Motion Picture, as set forth in Count I

of the Amended Complaint; and

2. Defendant Hudson is ordered to pay to Plaintiff the sum of $2,250.00 in statutory

damages, as authorized by 17 U.S.C. § 504(c)(1), and $2,885.98 for attorney's fees and

costs as authorized by 17 U.S.C. § 505.

---

[1]   Note, this standard of review is something less than a "clearly erroneous or contrary to
law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review, Fed. R.
Civ. P. 72(b).

Dated:   January 26, 2016

BY THE COURT:


s/ Wiley Y. Daniel_____
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **DALLAS BUYERS CLUB, LLC,** | Case No.: 6:15-cv-00612-AC |
| Plaintiff, | |
| v. | DEFAULT JUDGMENT AND ORDER OF PERMANENT INJUNCTION |
| **JUSTIN KLEMMER,** | |
| Defendant. | |

This matter before the court on plaintiff's motion, the court finds and ORDERS:

(1)     Defendant Justin Klemmer has willfully infringed the rights of plaintiff in violation of 17 U.S.C. § 101, et seq.

(2)     Defendant Justin Klemmer has willfully refused to participate in these proceedings with notice.

(3)     Defendant Justin Klemmer's conduct has been willful, intentional, in disregard of and indifferent to plaintiff's rights with the intent to deprive plaintiff of income and cause plaintiff harm.

(4)     Statutory damages are proper to both compensate the plaintiff and provide notice and to act as a deterrence to others. *Sony BMG Music Entm't v. Tenenbaum*, 660 F.3d 487, 500 (1st Cir. 2011), *cert. denied*, (U.S. May 21, 2012).  To compensate the plaintiff and provide proper notice and deterrence to others, statutory damages in the sum of $10,000 are awarded plaintiff.

    (5)     A permanent injunction is ordered enjoining defendant from infringing plaintiff's rights in their motion picture, including without limitation using the internet to reproduce, distribute or copy plaintiff's motion picture, and further directing defendant to destroy all unauthorized copies of plaintiff's motion pictures and to delete all software used to make or distribute those copies or exchange unlicensed content using the BitTorrent protocol.

    (6)     Defendant is further enjoined from using BitTorrent or the Internet for the copying or downloading of unlicensed copyrighted content.

    (7)     Plaintiff is awarded reasonable costs and fees to be determined pursuant to FRCP 54.

Dated: 4 Nov. 15

United States District Judge
Michael W. Mosman

JUDGMENT AND ORDER

Page 2 of 2

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **DALLAS BUYERS CLUB, LLC,** | Case No.:  3:15-cv-00220-AC |
| Plaintiff, | |
| v. | JUDGMENT AND ORDER |
| **VLADAMIR IVASHENTSEV,** | |
| Defendant. | |

This matter before the court on plaintiff's motion, the court finds and ORDERS:

(1)     Defendant Vladamir Ivashentsev has willfully infringed the rights of plaintiff in violation of 17 U.S.C. § 501, et seq.

(2)     Defendant Vladamir Ivashentsev has willfully attempted to evade service and refused to participate in these proceedings with notice.

(3)     Defendant Vladamir Ivashentsev has been properly served by publication.

(4)     Statutory damages are proper to both compensate the plaintiff and provide notice and to act as a deterrence to others.  *Sony BMG Music Entm't v. Tenenbaum*, 660 F.3d 487, 500 (1st Cir. 2011), *cert. denied*, (U.S. May 21, 2012).  To compensate the plaintiff and provide proper notice and deterrence to others, statutory damages in the sum of $10,000 are awarded plaintiff.

(5)     A permanent injunction is ordered enjoining defendant from infringing plaintiff's rights in their motion picture, including without limitation using the internet to reproduce,

distribute or copy plaintiff's motion picture, and further directing defendant to destroy all
unauthorized copies of plaintiff's motion pictures and to delete all software used to make or
distribute those copies or exchange unlicensed content using the BitTorrent protocol.

(6)    Defendant is further enjoined from using BitTorrent or the Internet for the
copying or downloading of unlicensed copyrighted content.

(7)    Plaintiff is awarded reasonable costs and fees to be determined pursuant to FRCP
54.

(8)    Plaintiff shall effect service of this order by publication in a newspaper of general
circulation in the Portland, Oregon area.

Dated this 2⊘ day of September, 2015. Oct.

United States District Judge
Michael W. Mosman