1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7
8

CRIMINAL PRODUCTIONS, INC.,

9
            Plaintiff,

10
      v.

Case Nos. C16-729-RAJ; C16-1177-
RAJ; C16-1272-RAJ; C16-1352-RAJ

11
DARRELL GUNDERMAN, *et al.*,

ORDER

12
            Defendants.

13

14          This matter comes before the Court on numerous filings submitted by Timothy

15   Billick, counsel for Plaintiff.  Billick has not entered an appearance in the above-

16   captioned cases by complying with Local Civil Rule 83.2.  Accordingly, the Court

17   **STRIKES** all filings submitted by Billick.  Case No. C16-729, Dkt. ## 83, 85; Case No.

18   C16-1177, Dkt. ## 44, 46; Case No. C16-1272, Dkt. ## 50, 52, 54, 56, 58; Case No. C16-

19   1352, Dkt. ## 50, 52, 54, 56, 58, 60, 62.

20          In addition to Billick's impermissible submissions, many of these filings contain

21   significant errors.  In Case No. C16-1272, the docket entry for three of the pending

22   motions misidentifies the party to whom the motion itself pertains.  Dkt. # 52, 54, 56.

23   The same is true for one of the pending motions in Case No. C16-1352.  Dkt. # 62.

24   These errors are additional reasons to **STRIKE** these motions.

25          Further, two of the pending motions in Case No. C16-1352 request default

26   judgment against parties who are not named as defendants in that case.  Dkt. # 50, 52.

27   Plaintiff seeks default judgment against Sarah Larson and Liam McDonald, but they are

28   ORDER – 1

defendants in Case No. C16-1351. Again, these are independent grounds to **STRIKE** these motions.

Lastly, one of the exhibits submitted in support of Plaintiff's motion for default against Defendant Greg Gordon contains a Civil Service Status Report that pertains to a different defendant, Reina Marroquin. Case No. C16-729, Dkt. # 86-1 at 2. This is yet another reason to **STRIKE** the motion.

The Court will not tolerate further filings that contain errors of this magnitude and frequency. The Court will consider denying any future motion that contains the same or similar errors. The Court also notes that counsel for Plaintiff is seeking attorneys' fees for the work they have performed in these cases. In the event that default judgment is appropriate and counsel are eligible for an award of attorneys' fees, the Court will keep in mind the subpar work that counsel have performed in calculating what (if any) amount of fees is appropriate.

DATED this 6th day of July, 2017.


The Honorable Richard A. Jones
United States District Judge

ORDER – 2