HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRIMINAL PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DARRELL GUNDERMAN, *et al.*, <br><br> Defendants. | Case Nos. C16-729-RAJ; C16-1177-RAJ; C16-1272-RAJ; C16-1351-RAJ; C16-1352-RAJ <br><br> ORDER |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Criminal Productions, Inc.'s sixteen nearly identical motions for default judgment in the above captioned cases. Plaintiff seeks default judgment against the following Defendants: Reina Marroquin, Greg Gordon Sr., Michael Stoker, Maria Hull, Collin Kelly, Phillip Pisciotta, Jeff Corder, Kueejin Eum, James Puckett, Liang Deng, Valerie Mosser, Joseph David Orndonez, Kristin White, Blessings Kambala, Liam McDonald, and Sarah Larson. These motions are noted on the Court's docket as follows: C16-729-RAJ, Dkt. # 88 (Marroquin), # 90 (Gordon Sr.); C16-1177-RAJ, Dkt. # 49 (Stoker), # 51 (Hull); C16-1272-RAJ, Dkt. # 62 (Kelly), # 64 (Pisciotta), # 66 (Corder), # 68 (Eum), # 70 (Puckett); C16-1352-RAJ, Dkt. # 66 (Deng), # 68 (Mosser), # 70 (Orndonez), # 72 (White), # 74 (Kambala); C16-1351-RAJ, Dkt. # 61 (McDonald), and Dkt. # 63 (Larson). For the reasons that follow, the Court **GRANTS** the motions and enters default judgment against Defendants.

ORDER – 1

## II.  BACKGROUND

These cases are among ten nearly identical actions filed between May 2016 and January 2017 alleging copyright infringement by various Doe Defendants who participated in BitTorrent "swarms."

The facts are straightforward. Plaintiff is a developer and producer of the motion picture *Criminal*. *See, e.g.*, C16-729, Dkt. # 14 (Am. Compl.) ¶¶ 5-6. Plaintiff owns a registered copyright in *Criminal*, Registration No. PA 1-984-029. *Id.* ¶ 6. All Defendants—including those against whom Plaintiff seeks default judgment—are alleged to have participated in a peer-to-peer network using the BitTorrent protocol[1] to download and share *Criminal*. These Defendants are each alleged to have used or shared an IP address which was observed sharing *Criminal*.[2] Plaintiff has not authorized any Defendant to use an online media distribution system, including BitTorrent, to misappropriate, reproduce, or distribute *Criminal* to the public. *See, e.g.*, C16-729, Dkt. # 14 (Am. Compl.) ¶ 46.

The Court has entered an order of default for failure to answer, plead, or otherwise defend as to each of the Defendants against whom Plaintiff seeks default judgment. *Id.*, Dkt. # 82 (Marroquin and Gordon Sr.); C16-1177, Dkt. # 38 (Hull), # 42 (Stoker); C16-

---

[1] Numerous courts have described in detail how the BitTorrent protocol works. *See e.g., Purzel Video GmbH v. Biby*, 13 F. Supp. 3d 1127, 1131-33 (D. Colo. 2014); *Patrick Collins, Inc. v. John Does 1-21*, 282 F.R.D. 161, 162-64 (E.D. Mich. 2012); *Malibu Media, LLC v. John Does 1-5*, 285 F.R.D. 273, 275-76 (S.D.N.Y. 2012).

[2] The Defendants' alleged IP addresses and date of violation are as follows: Marroquin, 73.221.47.207 on May 3, 2016 (C16-729, Dkt. # 14 (Am. Compl.) ¶ 19); Gordon Sr., 71.197.242.154 on April 26, 2016 (*id.* ¶ 26); Stoker, 73.225.204.162 on July 18, 2016 (C16-1177, Dkt. # 16 (Am. Compl.) ¶ 20); Hull, 71.231.85.148 on July 14, 2016 (*id.* ¶ 28); Kelly, 67.185.8.136 on August 7, 2016 (C16-1272, Dkt. # 15 (Am. Compl.) ¶ 18); Pisciotta, 73.181.163.149 on August 3, 2016 (*id.* ¶ 19); Corder, 67.168.217.182 on August 1, 2016 (*id.* ¶ 21); Eum, 73.225.141.5 on August 1, 2016 (*id.* ¶ 22); Puckett, 24.19.94.31 on July 15, 2016 (*id.* ¶ 32); Deng, 24.22.134.187 on August 21, 2016 (C16-1352, Dkt. # 13 (Am. Compl.) ¶ 20); Mosser, 73.221.119.229 on August 15, 2016 (*id.* ¶ 22); Orndonez, 73.83.51.123 on August 10, 2016 (*id.* ¶ 27); White, 73.225.182.183 on August 9, 2016 (*id.* ¶ 28); Kambala, 73.35.159.123 on August 6, 2016 (*id.* ¶ 30); McDonald, 73.53.104.244 on July 25, 2016 (C16-1351, Dkt. # 15 (Am. Compl.) ¶ 29); Larson, 73.140.120.225 on August 8, 2016 (*id.* ¶ 19).

ORDER – 2

1272, Dkt. # 49 (Kelly, Pisciotta, Corder, Eum, and Puckett); C16-1352, Dkt. # 36 (Mosser and White), # 49 (Deng, Orndonez, and Kambala); C16-1351-RAJ, Dkt. # 42 (McDonald), Dkt. # 39 (Larson).

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) authorizes a court to grant default judgment. Typically, default judgment is entered after the Clerk of Court has entered default under Federal Rule of Civil Procedure 55(a), but district courts also have that authority. *See Dreith v. Nu Image, Inc.*, 648 F.3d 779, 789 (9th Cir. 2011). The Court's role in considering a motion for default judgment is not ministerial. The Court must accept all well-pleaded allegations of the complaint as established fact, except facts related to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Where those facts establish a defendant's liability, the Court has discretion, not an obligation, to enter a default judgment. *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The plaintiff must provide evidence to support a claim for a particular sum of damages. *TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P. 55(b)(2)(B). Where the plaintiff cannot prove that the sum he seeks is "a liquidated sum or capable of mathematical calculation," the Court must conduct a hearing or otherwise ensure that the damage award is appropriate. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

### IV.  DISCUSSION

**A.  Whether Plaintiff Has Proven Copyright Infringement**

Plaintiff must first prove the respective Defendants' liability. To establish copyright infringement, Plaintiff must show two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

Plaintiff has alleged and shown its ownership of a valid and registered copyright in

ORDER – 3

the *Criminal* film. *See, e.g.*, C16-729, Dkt. # 14 (Am. Compl.) ¶¶ 1, 6; *id.*, Dkt. # 15 at 2-3 (Certificate of Registration). This "is considered prima facie evidence of the validity of the copyright." *Syntek Semiconductor Co., Ltd. v. Microchip Tech. Inc.*, 307 F.3d 775, 781 (9th Cir. 2002); *see also* 17 U.S.C. § 410(c). As such, Plaintiff has established the first element.

The Court also finds that Plaintiff has adequately alleged that each of the Defendants copied pieces of *Criminal*. Each of the relevant Amended Complaints specifically alleges that the relevant Defendants' IP addresses were observed copying pieces (or the entirety) of *Criminal*. The complaints also allege that the "physical make up and layout" of Defendants' residences and the security measures taken by Comcast IP make it unlikely that these IP addresses were hijacked by others. The complaints further allege that the infringing activity was not an isolated incident and would have diminished the bandwidth of Defendants' Internet connections such that they would likely have been aware that it was occurring. The Court must deem the facts in the Amended Complaints to be true for the purposes of establishing liability. *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008). As such, the Court must find that the second element has been met and that Plaintiff has established the Defendants' liability for copyright infringement.

### B. Whether Default Judgment is Warranted

Having established liability, Plaintiff must also show that default judgment is warranted. Courts often apply the factors listed in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) to determine if default judgment is appropriate. Those factors are: (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect, and (7) the strong public policy favoring decisions on the merits. *Id.*

ORDER – 4

The factors weigh in favor of granting default judgment. Without entry of default judgment, Plaintiff will be prejudiced because it will be left without a proper remedy. *See Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010). As discussed above, Plaintiff has adequately alleged and shown the Defendants' liability. The amount at stake in each case is also relatively modest—Plaintiff seeks statutory damages of at least $2,500 and costs and attorneys' fees of approximately $4,000. It is unlikely that the Defendants' failure to respond is the product of excusable neglect. Plaintiff properly served or obtained waiver of service as to each of the Defendants, meaning that they likely had ample notice of the action.

The Court acknowledges that a dispute may arise concerning material facts, including whether the Defendants are the actual infringers. *See In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 84 (E.D.N.Y. 2012) (finding that "it is no more likely that the subscriber to an IP address carried out a particular computer function . . . than to say an individual who pays the telephone bill made a specific telephone call."). The Court, however, finds that such a possibility is insufficient to overcome the other factors weighing in favor of granting default judgment, especially as each of the Defendants was personally served or waived service, giving them ample opportunity to contest the allegations. Finally, although there is a strong policy for deciding cases on their merits (*see Eitel*, 782 F.2d at 1472), Defendants' failure to respond to Plaintiff's claims means that this factor does not preclude entry of default judgment (*see Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1013 (C.D. Cal. 2014)).

As the *Eitel* factors generally weigh in favor of granting default judgment, the Court will **GRANT** Plaintiff's motions. What remains to be determined is what relief Plaintiff should be awarded.

### C. Appropriate Relief

Plaintiff requests three categories of relief: (1) permanent injunctive relief, (2) statutory damages not less than $2,500, and (3) attorneys' fees and costs.

ORDER – 5

### i. Injunctive Relief

Plaintiff first requests an injunction enjoining Defendants from infringing on Plaintiff's rights in *Criminal*, including through using the Internet. 17 U.S.C. § 502(a) permits a court to grant final injunctions to "prevent or restrain infringement of a copyright." Under 17 U.S.C. § 503(b), a court may order the destruction of copies found to have been made or used in violation of a copyright owner's rights. Parties obtaining a permanent injunction ordinarily must satisfy a four part test: (1) irreparable harm; (2) lack of adequate remedies at law; (3) the balance of hardships weighs in its favor; and (4) the injunction is in the public's interest. *See eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 393-94 (2006).

The Court agrees that injunctive relief is appropriate here. As in numerous other BitTorrent cases (*see e.g., Malibu Media, LLC v. Flanagan,* No. 2:13-CV-5890, 2014 WL 2957701, at *5 (E.D. Pa. July 1, 2014)), the four elements are established here. Furthermore, "[a]s a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations." *MAI Sys. Corp. v. Peak Comput., Inc.*, 991 F.2d 511, 520 (9th Cir. 1993) (citing *Nat'l Football League v. McBee & Bruno's, Inc.*, 792 F.2d 726, 732 (8th Cir. 1986)). Consequently, the Court will issue a permanent injunction enjoining each of the relevant Defendants from infringing Plaintiff's rights in *Criminal* and ordering them to destroy all unauthorized copies of *Criminal*.

### ii. Statutory Damages

Next, Plaintiff requests statutory damages of at least $2,500. In previous similar decisions, the Court has awarded minimum statutory damages of $750. *See e.g., Criminal Prods., Inc. v. Gunderman*, No. C16-1016-RAJ, 2017 WL 664047, at *1 (W.D. Wash. Feb. 17, 2017); *Dallas Buyers Club, LLC v. Nydam*, No. C14-1684-RAJ, 2016 WL 7719874, at *1 (W.D. Wash. Aug. 8, 2016); *Dallas Buyers Club, LLC v. Bui*, No. C14-1926-RAJ, 2016 WL 1242089, at *4 (W.D. Wash. Mar. 30, 2016); *Dallas Buyers Club, LLC v. Madsen*, No. C14-1153-RAJ, 2015 WL 6680260, at *6 (W.D. Wash. Nov. 2,

ORDER – 6

2015). For the same reasons noted in those decisions, the Court remains convinced that the statutory minimum of $750 is the appropriate award in this case as to each Defendant.

### iii. Attorneys' Fees and Costs

Finally, Plaintiff seeks attorneys' fees and costs against the Defendants. The Court "in its discretion may allow the recovery of full costs by or against any party" and "may also award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. Courts may consider several factors in making an attorneys' fee determination under the Copyright Act, including "(1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) objective unreasonableness (legal and factual), and (5) the need to advance considerations of compensation and deterrence." *Smith v. Jackson*, 84 F.3d 1213, 1221 (9th Cir. 1996) (citing *Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994)).

These factors weigh in favor of awarding fees. Plaintiff has obtained success on its non-frivolous claims, and awarding fees would advance considerations of compensation and deterrence.

Courts begin with a "lodestar" method in calculating reasonable attorneys' fees, which is obtained by multiplying the number of hours reasonably expended on the litigation by an hourly rate. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

Plaintiff requests a $300 rate requested for lead counsel, David A. Lowe. Plaintiff requests a rate of $200 for his colleague, Tim Billick, along with an hourly rate of $145 per hour for his legal assistant. *See, e.g.*, C16-729, Dkt. # 89 at 5-6. In previous cases, Plaintiff requested higher attorney billing rates that the Court reduced to the amounts now requested in the instant action. The Court appreciate that, instead of again requesting higher rates, Plaintiff has accepted the rates previously set by the Court. Those rates are approved.

The Court, however, finds that the number of billing hours requested by Plaintiff is unreasonable. Plaintiff has filed dozens of pleadings and motions in numerous

ORDER – 7

BitTorrent matters. These pleadings and motions are essentially cut-and-paste jobs. Having reviewed these filings, the Court discerns minimal differences aside from the name of the particular defendant against whom relief is sought. For instance, the supporting documentation submitted in support of each motion contains the same set of financial reports, photocopies of Tweets criticizing this Court's previous rulings by users such as @Raul15340965 and @DieTrollDie, and copies of decisions from other courts. *See, e.g.*, Dkt. # 63-1. Despite the duplicative nature of these filings, Plaintiff states that it collectively took him, his associate, and legal assistant approximately seven hours to litigate against each of the sixteen Defendants.[3] While that may be, the Court finds that the minimally complex and highly redundant nature of these cases warrants far fewer hours of compensation.

In addition, notwithstanding the cut-and-paste nature of this motions practice, Plaintiff's work has been sloppy. The Court expressed its dissatisfaction with Plaintiff's performance when it struck numerous filings that failed to comply with the Local Civil Rules, misidentified defendants, and contained other significant errors. Dkt. # 87. In striking these filings, the Court noted that it would consider Plaintiff's subpar work in calculating attorneys' fees. *Id.* at 2. Although counsel has since reduced the number of attorney billing hours requested, this reduction is not sufficient to account for the concerns noted above.

Given these errors, as well as the extreme similarities between the filings in these cases and those filed previously by counsel of record, the Court, through the exercise of its discretion in matters concerning attorneys' fees, reduces by ten percent (10%) the number of attorney billing hours that Plaintiff requests. The Court approves the number of hours billed for legal assistant support.

Finally, Plaintiff requests prorated costs for each Defendant and supports this

---

[3] The Court notes that these Defendants comprise only a portion of the total named in Plaintiff's ten actions in this Court for infringing on Plaintiff's copyright to the movie, *Criminal*. Plaintiff's filings against the numerous other defendants are similarly duplicative.

ORDER – 8

request with a receipt and declaration. The Court finds that these costs are appropriate.

Accordingly, the Court awards attorneys' fees and costs against each of the Defendants individually and in favor of Plaintiff as follows:

| Case / Dkt. | Defendant | Atty. Hours[4] | Atty. Fees[5] | Legal Assist. Hours | Legal Assist. Fees | Costs | Total |
|---|---|---|---|---|---|---|---|
| C16-729, Dkt. # 89 | Reina Marroquin | 4.1 | $1150 | 2.5 | $362.50 | $153.57 | $1666.07 |
| C16-729, Dkt. # 91 | Greg Gordon Sr. | 4.1 | $1150 | 2.5 | $362.50 | $153.57 | $1666.07 |
| C16-1177, Dkt. # 50 | Michael Stoker | 4.4 | $1240 | 2.1 | $304.50 | $136.66 | $1681.16 |
| C16-1177, Dkt. # 52 | Maria Hull | 4.4 | $1240 | 2.1 | $304.50 | $136.66 | $1681.16 |
| C16-1272, Dkt. # 63 | Collin Kelly | 4.1 | $1150 | 2.5 | $362.50 | $142.22 | $1654.72 |
| C16-1272, Dkt. # 65 | Phillip Pisciotta | 4.1 | $1150 | 2.5 | $362.50 | $102.22[6] | $1614.72 |
| C16-1272, Dkt. # 67 | Jeff Corder | 4.1 | $1150 | 2.5 | $362.50 | $152.22 | $1664.72 |
| C16-1272, Dkt. # 69 | Kueejin Eum | 4.1 | $1150 | 2.5 | $362.50 | $142.22 | $1654.72 |
| C16-1272, Dkt. # 71 | James Puckett | 4.1 | $1150 | 2.5 | $362.50 | $142.22 | $1654.72 |
| C16-1352, Dkt. # 67 | Liang Deng | 4.1 | $1150 | 2.1 | $304.50 | $143.52 | $1598.02 |
| C16-1352, Dkt. # 69 | Valerie Mosser | 3.9 | $1090 | 2.1 | $304.50 | $103.52 | $1498.02 |
| C16-1352, Dkt. # 71 | Joseph David Orndonez | 3.9 | $1090 | 2.1 | $304.50 | $143.52 | $1538.02 |

---

[4] Total requested attorney billing hours reduced by ten percent.

[5] Fees calculated to reflect Lowe's and Billick's different billing rates of $300 and $200 respectively.

[6] Plaintiff requests $50 for service of summons on Defendant Pisciotta, yet the affidavit of summons on record contains no reference to the amount charged. Dkt. # 30 at 2.

ORDER – 9

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| C16-1352, Dkt. # 73 | Kristin White | 3.9 | $1090 | 2.1 | $304.50 | $103.52 | $1498.02 |
| C16-1352, Dkt. # 75 | Blessings Kambala | 3.9 | $1090 | 2.1 | $304.50 | $143.52 | $1538.02 |
| C16-1351, Dkt. # 62 | Liam McDonald | 3.9 | $1090 | 2.5 | $362.50 | $145 | $1597.50 |
| C16-1351, Dkt. # 64 | Sarah Larson | 3.9 | $1090 | 2.5 | $362.50 | $145 | $1597.50 |

## V.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motions. The Court thus enters default judgment against each of the Defendants.  The Clerk will enter judgment for Plaintiff following this Order.

Specifically, this Court enters judgment against Defendants as follows:

1. Defendants Reina Marroquin, Greg Gordon Sr., Michael Stoker, Maria Hull, Collin Kelly, Phillip Pisciotta, Jeff Corder, Kueejin Eum, James Puckett, Liang Deng, Valerie Mosser, Joseph David Orndonez, Kristin White, Blessings Kambala, Liam McDonald, and Sarah Larson are hereby permanently enjoined from directly, indirectly, or contributorily infringing Plaintiff Criminal Productions, LLC's rights in the work *Criminal*, including without limitation by using the Internet to reproduce or copy *Criminal*, to distribute *Criminal*, or to make *Criminal* available for distribution to the public, except pursuant to lawful written license or with the express authority of Plaintiff;

2. To the extent any such material exists, Defendants Reina Marroquin, Greg Gordon Sr., Michael Stoker, Maria Hull, Collin Kelly, Phillip Pisciotta, Jeff Corder, Kueejin Eum, James Puckett, Liang Deng, Valerie Mosser, Joseph David Orndonez, Kristin White, Blessings Kambala, Liam McDonald, and Sarah Larson are directed to destroy all unauthorized copies of *Criminal* in his or her possession or subject to his or her control;

Statutory damages, attorneys' fees, legal assistant fees, and costs are awarded as follows:

ORDER – 10

| Defendant | Statutory Damages | Atty. Fees, Legal Assist. Fees, and Costs | Total |
|---|---|---|---|
| Reina Marroquin | $750.00 | $1666.07 | $2416.07 |
| Greg Gordon Sr. | $750.00 | $1666.07 | $2416.07 |
| Michael Stoker | $750.00 | $1681.16 | $2431.16 |
| Maria Hull | $750.00 | $1681.16 | $2431.16 |
| Collin Kelly | $750.00 | $1654.72 | $2404.72 |
| Phillip Pisciotta | $750.00 | $1614.72 | $2364.72 |
| Jeff Corder | $750.00 | $1664.72 | $2414.72 |
| Kueejin Eum | $750.00 | $1654.72 | $2404.72 |
| James Puckett | $750.00 | $1654.72 | $2404.72 |
| Liang Deng | $750.00 | $1598.02 | $2348.02 |
| Valerie Mosser | $750.00 | $1498.02 | $2248.02 |
| Joseph David Orndonez | $750.00 | $1538.02 | $2288.02 |
| Kristin White | $750.00 | $1498.02 | $2248.02 |
| Blessings Kambala | $750.00 | $1538.02 | $2288.02 |
| Liam McDonald | $750.00 | $1597.50 | $2347.50 |
| Sarah Larson | $750.00 | $1597.50 | $2347.50 |

DATED this 27th day of July, 2017.

_____

The Honorable Richard A. Jones
United States District Judge

ORDER – 11